# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **CW GOVERNMENT TRAVEL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-718C** |
| | ) | **(Judge Emily C. Hewitt)** |
| **THE UNITED STATES of AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION FOR EARLY DISCOVERY

Time is of critical importance in the above-captioned case. The Plaintiff, CW Government Travel, Inc. ("Carlson") filed its Complaint on April 26, 2004. Prior to that, it had filed repeated requests for a Contracting Officer's final decision in attempts to resolve the matter administratively. The Complaint requests a declaratory judgment from the Court validating Carlson's interpretation of its contracts with the Army for traditional travel services. The Complaint was necessitated by the Government's second release of a Solicitation that would improperly remove certain travel sites from Carlson's contracts. Carlson requested injunctive relief, along with its request for declaratory relief, because of the irreversible harm the removal of the regions would cause to Carlson.

On June 14, 2004, the Army received proposals for the Solicitation that includes the requirements of Carlson's Army contracts. The Army is currently reviewing those proposals and moving toward awarding multiple contracts to the successful offerors. The longer this matter proceeds, the longer the Government and numerous small business offerors will continue to incur costs that may be negated if the Court rules in Carlson's favor. Moreover, the award of those

contracts will damage Carlson's ability to obtain sufficient relief. Therefore, a speedy resolution of this matter is in the best interests of all parties.

Carlson requests that the Court allow certain early discovery to expedite the litigation of this claim. More specifically, Carlson requests that the Court order the Government to produce the documents it received in conjunction with the Agency's litigation report on or before Thursday, July 8, 2004. Carlson also requests that the Court order the Government to provide the Initial Disclosures described in Rule 26(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC") on or before July 26, 2004, the date currently set for the Government to file its response to Carlson's Complaint. Finally, Carlson requests that the Court allow the parties to proceed with formal discovery on or before July 26, 2004.

Carlson has attempted, unsuccessfully, to work with the Government to expedite this matter. In a letter dated June 11, 2004, Carlson requested that the Government agree to an early release of Initial Disclosures.[1] The Government declined. On June 21, 2004, the Government filed a Motion for an Enlargement of Time to respond to Carlson's Complaint, which Carlson opposed, and the Court granted on June 22, 2004. The Government also objects to this Motion.

Carlson has attempted to engage in a dialogue with the Government for over a year to resolve this dispute, to no avail. The contracting activity responsible for the relevant Carlson contracts,[2] the Army's Surface Deployment and Distribution Command, is in the process of relocating from Alexandria, Virginia to the Tidewater Virginia area. Discovery conducted after

---

1 A copy of this letter is attached as Exhibit A.

2 A different Army activity is responsible for conducting the ongoing procurement that would result in the breach of Carlson's contracts.

the move will be significantly more expensive and there is a danger that relevant files and records may be destroyed or misplaced as a result of such a relocation. The move itself could delay and disrupt discovery as office personnel and files are moved about. There is also a concern that Government personnel with first-hand knowledge of relevant facts may leave Government employment or become scattered throughout other Government activities as a result of the transition in locations. Promptly proceeding with discovery will lessen these potential difficulties.

The need for a speedy resolution of this matter grows greater as the time for the Army's planned, improper removal of requirements from Carlson's contracts approaches. Therefore, Carlson respectfully requests that the Court grant this Motion for Early Discovery.

It is also requested that the Court order the Government to take all necessary and reasonable action to preserve all information, including e-mail, that is relevant to the contracts and actions at issue in this case.

Respectfully submitted:

/s/Lars E. Anderson

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623 (Protected)

*Of Counsel:*
Michael W. Robinson
Benjamin A. Winter
Julia M. Kiraly
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623 (Protected)

Dated: June 28, 2004

**CERTIFICATE OF FILING**

I hereby certify that on June 28, 2004, a copy of the foregoing PLAINTIFF'S MOTION FOR EARLY DISCOVERY was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Lars E. Anderson
Lars E. Anderson