**Lars E. Anderson**
**(703) 760-1605**
**leanderson@venable.com**

June 11, 2004

Lisa B. Donis, Esquire
Classification Unit
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W., Eighth Floor
Washington, D.C. 20530

***Re: <u>CW Government Travel, Inc. v. United States; Case No. 04-718C</u>***

Dear Ms. Donis:

On April 26, 2004, we filed the above-referenced Complaint at the United States Court of Federal Claims on behalf of CW Government Travel, Inc. ("Carlson"). The Complaint requested a declaratory judgment from the Court validating Carlson's interpretation of its contracts with the Army for traditional travel services. The Complaint was necessitated by the Government's release of a Solicitation that would improperly remove certain travel sites from Carlson's contracts. Carlson requested injunctive relief along with its request for declaratory relief because of the irreversible harm the removal of the regions would cause to Carlson.

Time is of incredible importance in this case. The close of the period for submitting proposals to the Government in response to the Solicitation is fast approaching. Consequently, Carlson believes that early discovery is necessary to further the case towards timely resolution. Such early resolution should be in the Government's interest in view of the pending Solicitation seeking proposals from numerous small business concerns. Carlson requests that the Government provide the initial disclosure required by Rule 26(a)(1) of the Rules of the United States Court of Federal Claims at the same time as its answer. Carlson also requests that the parties commence discovery at that time.

Carlson believes that this early discovery will allow the parties to timely resolve this matter without the need for the Court to involve itself early in the litigation. If the Government is not amenable to the proposed solution, however, Carlson will have to consider other mechanisms to spur this case towards resolution, such as a Motion for Preliminary Injunction. We are hopeful, however, that we can resolve this issue without the Court's involvement.

Very truly yours,

Lars E. Anderson
*Counsel to CW Government Travel, Inc.*