IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CW GOVERNMENT TRAVEL, INC., Plaintiff, | ) | |
| v. | ) | No. 04-718C (Judge Hewitt) |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR EARLY DISCOVERY

Defendant submits this response in opposition to plaintiff's June 28, 2004 Motion For Early Discovery. Plaintiff, CW Government Travel, Inc. ("CW"), asserts that it requires early discovery because "speedy resolution of this matter is in the best interests of all parties." That is the case and the goal with all litigation. However, CW has not come forward with any compelling reasons documenting the need for early discovery. There are none. In fact, forcing the Government to respond to burdensome discovery requests before it even completes its analysis of CW's complaint, serves only to delay the Government's ability to respond to CW's complaint.

CW has existing contracts with the United States and there is no indication that these contracts are in any immediate jeopardy. The fact that the Government - at some point in the distant future - may not extend an option upon one of CW's contracts, does not require that this Court force the parties into premature discovery. As we explained in our motion for an

enlargement to respond to CW's complaint, we are exploring the possibility that this Court may not possess jurisdiction to entertain CW's complaint. Any discovery prior to the Government's response to CW's complaint is unfounded.

CW also posits that, the fact the Army's contracting activity is relocating gives it cause to request early discovery. There is simply no support for this statement. The fact that the office is relocating does not suggest the need for discovery prior to the time for discovery contemplated by the rules of this Court. CW additionally complains that it "has attempted, unsuccessfully, to work with the Government to expedite this matter." It cites to, and attaches, a letter it wrote to Government counsel on June 11, 2004. As Government counsel explained to plaintiff's counsel - she did not receive this letter until June 17, 2004. Plaintiff's counsel never telephoned defendant's counsel to express his desire to proceed expeditiously. If this case actually requires such expeditious handling, surely plaintiff's counsel could have attempted to contact defendant's counsel earlier - and by more immediate means - than by mail.

Early discovery in this case is not justified. When, and if, discovery is needed in this case, defendant will fully comply with the discovery rules of this Court. Accordingly, defendant

respectfully requests that this Court deny CW's motion for early discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella by Mark A. Melnick
JAMES M. KINSELLA
Deputy Director

s/Lisa B. Donis
LISA B. DONIS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Attorneys for Defendant

JULY 1, 2004

CERTIFICATE OF FILING

I hereby certify that on July 1, 2004, a copy of foregoing "Defendant's Response In Opposition To Plaintiff's Motion To Permit Early Discovery," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lisa B. Donis
LISA B. DONIS