# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **CW GOVERNMENT TRAVEL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-718C** |
| | ) | **(Judge Emily C. Hewitt)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EARLY DISCOVERY

Pursuant to the Court's July 2, 2004 Order, Plaintiff CW Government Travel, Inc. ("Carlson") hereby timely submits this Reply to Defendant's Response In Opposition To Plaintiff's Motion For Early Discovery. Contrary to the Government's assertions, expedited discovery is proper and necessary to prevent prejudice to Carlson in light of: (1) the Department of the Army's pending acquisitions for official travel management services, which solicit requirements that are encompassed by, and therefore in breach of, Carlson's existing contracts; and (2) the imminent relocation of the Army's Surface Deployment and Distribution Command (formerly the Military Traffic Management Command), which will result in the loss of documentary evidence essential to this Court's review of the claims. Accordingly, Carlson's Motion for Early Discovery should be granted.

The Government claims that Carlson has not come forward with any compelling reason documenting the need for early discovery. The Government states that, "The fact that the Government - at some point in the distant future - may not extend an option upon one of CW's contracts does not require that this Court force the parties into premature discovery." It is not,

however, the failure of the Government to extend Carlson's contracts that threatens Carlson's interests; it is the Government's promised removal of requirements from Carlson's contracts, even though extended. Requirements from Carlson's contracts are included in Solicitation No. W91QUZ-04-R-0007. The Government received proposals in response to that Solicitation on June 14, 2004. The Government is currently evaluating those proposals and is expected to make awards in August or September 2004. When it awards contracts to the successful offerors, the Government will have to remove those requirements from Carlson's contracts, as it has promised Carlson in multiple letters. Those awardees will necessarily have to prepare for performance, and will undoubtedly approach current Carlson employees, who are familiar with the unique requirements of each of the 54 MEPS sites. Such hiring attempts will create chaos, tension, and disruption for the employees, Carlson, and the awardees. Thus, the harm to Carlson is real and pending. It is not "at some point in the distant future," but only a few months away.

In addition, the Army contracting activity that has administered Carlson's contracts, the Surface Deployment and Distribution Command (formerly the Military Traffic Management Command), is in the process of being relocated from Alexandria, Virginia to the Tidewater region of Virginia. As a consequence, many of the Army personnel involved in this matter are leaving the Surface Deployment and Distribution Command in order to remain in the Washington, D.C. area. While the scattering of personnel with relevant knowledge is troubling, it is even more problematic that the information technology systems used by these personnel will be shut down and possibly dispersed. Carlson believes that much of the discovery relevant to this matter is currently contained in the form of e-mail communications between Army personnel. Accordingly, if the information technology systems are shut down and dispersed, it is likely that these communications will be irretrievably lost. Even if all documents and systems are

transferred via shipment to the new location, it is likely that much documentation will be lost during the transition, particularly if personnel are permanently leaving the organization.

The Government also indicates that it is still "exploring the possibility that this Court may not possess jurisdiction to entertain CW's complaint." Presumably, the Government intends to file a Motion to Dismiss. Until that Motion is filed, or the Government announces its clear intention to do so, the Government's position is only speculation. Moreover, even if the Government did file a Motion to Dismiss, it is likely some discovery would be necessary in order to respond. Carlson believes that the Court should allow the limited discovery requested to maintain the pace of the litigation, whether as necessary to respond to the Government's Motion, or in the event that it denies the Government's Motion.

Carlson believes that it has presented the Court with a reasonable request to further this litigation. It has not made "burdensome discovery requests" as the Government asserts, but merely asks that the Government provide it with the documents that Counsel already has in her possession, and that the Government provide the initial disclosures set forth in the Court's rules two or three months early. In addition, the Government should be reminded of its obligation to preserve all evidence, including all communications that might be stored on information technology systems that are subject to the relocation of the Surface Deployment and Distribution Command.

Carlson is also concerned about certain representations in the Government's response that indicate that it will not be able to meet its current filing date for responding to the Complaint. The Government states that it has not yet completed its analysis of the Complaint, two and a half months after Carlson filed it.

Carlson appreciates the Court's quick attention to this matter.

Respectfully submitted:

/s/Lars E. Anderson

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623 (Protected)

*Of Counsel:*
Michael W. Robinson
Benjamin A. Winter
Julia M. Kiraly
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623 (Protected)

Dated: July 8, 2004

**CERTIFICATE OF FILING**

I hereby certify that on July 8, 2004, a copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EARLY DISCOVERY was filed via facsimile, pursuant to the Court's request, and electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Lars E. Anderson
Lars E. Anderson