IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CW GOVERNMENT TRAVEL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-718 |
| v. | ) | (Judge Hewitt) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

The unnumbered paragraphs that constitute the preamble to plaintiff's complaint are characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

1. Denies the allegations contained in the first paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits.

5. Admits.

6. Admits.

7. Admits.

8. Admits.

9. Admits.

10. Admits.

11. Admits the allegations contained paragraph 11 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegation contained paragraph 12 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 12.

13. Admits the allegation contained paragraph 13 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 13.

14. Admits the allegations contained paragraph 14 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. Denies.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contracts cited, which are the best evidence of their contents;

otherwise denies the allegations contained in paragraph 16. Avers that DTS has now been deployed to 46 military bases, installations or activities under Carlson's DTR and NCR contracts.

17. Admits, and avers that the Government has exercised the first three options of the contracts, extending all four of Carlson's Army DTR contracts to March 31, 2005.

18. Admits the allegation contained in paragraph 18 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 18.

19. Admits.

20. The allegations contained in paragraph 20 are plaintiff's characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegation contained in paragraph 21 is plaintiff's characterization to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

22. Admits.

23. Denies.

24. The allegation contained in paragraph 24 is plaintiff's characterization to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

25. Denies.

26. Admits.

27. The allegation contained in paragraph 27 is plaintiff's characterization to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

28. The allegation contained in paragraph 28 is plaintiff’s characterization to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 29.

30. The allegation contained in paragraph 30 is plaintiff's characterization to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

31. Admits the allegations contained in paragraph 31 to the extent supported by the contracts cited,

which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 31.

32. The allegation contained in paragraph 32 is plaintiff's characterization to which no response is required; to the extent it may be deemed an allegation of fact is denied.

33. Admits the allegations contained in paragraph 33 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegation contained in paragraph 36 to the extent supported by plaintiff’s contracts,

which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegation contained in paragraph 38 to the extent supported by plaintiff's contracts, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 38.

39. Admits the allegation contained in paragraph 39 to the extent supported by plaintiff's contracts, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 39.

40. Admits the allegation contained in paragraph 40 to the extent supported by plaintiff's contracts, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 40.

41. Admits the allegation contained in paragraph 41 to the extent supported by plaintiff's contracts, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 41.

42. Admits the allegation contained in paragraph 42 to the extent supported by plaintiff's contracts, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 42.

43. Admits the allegations contained in paragraph 43 to the extent supported by plaintiff's contracts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 43.

44. Admits the allegation contained in paragraph 44 to the extent supported by plaintiff's contracts, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 44.

45. Admits the allegation contained in paragraph 45 to the extent supported by plaintiff's contracts, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph

45.

46. Denies the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. Denies the allegations contained in the first, third and fourth sentences of paragraph 47 for lack of information or knowledge sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 47.

48. Admits the allegations contained in paragraph 48 to the extent supported by the October 8, 2003, letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49. Admits the allegations contained in paragraph 49 to the extent supported by the October 8, 2003, letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the October 8, 2003, letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the October 8, 2003, letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53. Admits the allegations contained in paragraph 53 that the Army responded to Carlson's October 8, 2003 letter. Denies plaintiff's characterization of the letter that it was "evasive."

54. Admits the allegations contained in paragraph 54 to the extent supported by the October 17, 2003, letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55. Admits the allegations contained in paragraph 55 to the extent supported by the October 29, 2001 complaint cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56. Admits the allegations contained in paragraph 56 to the extent supported by the October 29, 2001 complaint cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. Admits the allegations contained in paragraph 58 to the extent supported by the CDA section cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Admits the allegations contained in paragraph 59 to the extent supported by the FAR provision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 59.

60. Admits the allegations contained in paragraph 60 to the extent supported by the November 3, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 60.

61. Admits the allegations contained in paragraph 61 to the extent supported by the November 3, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 61.

62. Admits the allegations contained in paragraph 62 to the extent supported by the November 3, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Admits the allegations contained in paragraph 63 to the extent supported by the November 3, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 63.

64. Admits the allegations contained in paragraph 64 to the extent supported by the November 17 and 18, 2003 letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 64.

65. Admits the allegations contained in paragraph 65 to the extent supported by the November 17 and 18, 2003 letters cited, which are the best evidence of their contents; otherwise denies the allegations

contained in paragraph 65.

66. Admits.

67. Admits the allegation contained in paragraph 67 to the extent supported by the December 1, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 67.

68. Admits the allegation contained in paragraph 68 to the extent supported by the December 1, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 68.

69. Admits the allegation contained in paragraph 69 to the extent supported by the December 29, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 69.

70. Admits the allegation contained in paragraph 70 to the extent supported by the December 29, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 70.

71. Admits the allegation contained in paragraph 71 to the extent supported by the December 29, 2003

letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 71.

72. Admits the allegation contained in paragraph 72 to the extent supported by the December 29, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 72.

73. The allegations contained in the first sentence of paragraph 73 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 73 are plaintiff's characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

74. Admits the allegations contained in paragraph 74 to the extent supported by the December 29, 2003 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 74.

75. Admits the allegations contained in paragraph 75 to the extent supported by the December 29, 2003 letter, which is the best evidence of its contents;

otherwise denies the allegations contained in paragraph 75.

76. Admits the allegations contained in paragraph 76 to the extent supported by the December 29, 2003 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 76.

77. Admits the allegations contained in paragraph 77 to the extent supported by the January 6, 2004 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained I paragraph 77.

78. Admits the allegations contained in paragraph 78 to the extent supported by the January 6, 2004 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained I paragraph 78.

79. Admits the allegations contained in paragraph 79 to the extent supported by the January 6, 2004 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained I paragraph 79.

80. Admits the allegations contained in paragraph 80 to the extent supported by Solicitation No. W91QUZ-

04-R-0007 cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 80.

81. Admits the allegations contained in paragraph 81 to the extent supported by the March 1, 2004 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 81.

82. Denies.

83. Admits the allegations contained in the first sentence of paragraph 83 to the extent supported by the solicitation cited, which is the best evidence of its content; otherwise denies the allegations contained in the first sentence of paragraph 83. Admits the allegations contained in the second sentence of paragraph 83, but avers that plaintiff would be eligible as a subcontractor for up to forty-nine percent to the contract value.

84. Admits the allegations contained in paragraph 84 to the extent supported by the MEPS Solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 84. Avers that the term "CUI-facilitated travel services" is not used in the solicitation.

85. Admits.

86. Admits the allegations contained in the first sentence of paragraph 86 to the extent supported by Amendment 4 cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 86. The allegations contained in the second sentence of paragraph 86 are plaintiff's characterization to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

87. Admits.

88. Admits.

89. Admits the allegations contained in paragraph 89 to the extent supported by the MEPS solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 89.

90. The allegations contained in paragraph 90 are plaintiff's characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

91. Admits the allegations contained in paragraph 91 to the extent supported by the MEPS Solicitation cited, which is the best evidence of its contents;

otherwise denies the allegations contained in paragraph 91. Further avers that the term "CUI-facilitated travel services" is not used in the solicitation.

92. The allegations contained in the first sentence of paragraph 92 are plaintiff's characterization to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 92 to the extent supported by the MEPS Solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 92. Avers that the term "CUI-facilitated travel services" is not used in the solicitation.

93. Admits the allegations contained in paragraph 93 to the extent supported by the MEPS Solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 93. Avers that the term "CUI-facilitated travel services" is not used in the solicitation.

94. Admits the allegations contained in the first sentence of paragraph 94. Denies the allegations contained in the second sentence of paragraph 94. Avers that the term "CUI-facilitated travel services"

is not used in the solicitation.

95. The allegations contained in paragraph 95 are plaintiff's characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the term "CUI" is not used in the solicitation.

96. The allegations contained in paragraph 96 are plaintiff's characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the term "CUI-facilitated travel services is not used in the solicitation. Avers that the term "CUI" is not used in the solicitation.

97. The allegation contained in paragraph 97 is plaintiff's characterization to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

98. Admits the allegations contained in paragraph 98 to the extent supported by the MEPS Solicitation, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 98.

99. Admits the allegations contained in paragraph 99 to the extent supported by the MEPS Solicitation, which is the best evidence of its contents; otherwise

denies the allegations contained in paragraph 99.

100. The allegation contained in paragraph 100 is plaintiff's characterization to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Avers that the term "CUI" is not used in the solicitation.

101. The allegation contained in paragraph 101 is plaintiff's characterization to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

102. Admits the allegations contained in paragraph 102 that the solicitation requires the contractor to perform quality control, but denies the remainder of the allegations contained in paragraph 102.

103. Denies. Avers that the term "CUI" is not used in the solicitation.

104. Denies.

105. Denies the allegations contained in paragraph 105. Avers that it was the DTS, not the CUI, that is expected to reduce the time of the travel agents, as well as substantially reduce the Government's internal administrative burden and costs.

106. Admits the allegations contained in paragraph 106 but avers that there are many reasons why DTS cannot currently facilitate MEPS travel, and that future MEPS travel will be facilitated by DTS. Avers that the term "CUI" is not used in the solicitation.

107. Denies. Avers that the term "CUI" is not used in the solicitation.

108. Admits, but avers that the term "CUI" is not used in the solicitation.

109. Admits the allegations contained in paragraph 109 to the extent supported by the MEPS solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 109.

110. Denies. Further avers that the term "CUI" is not used in the solicitation.

111. Admits, but avers that the term "CUI-facilitated travel" is not used in the solicitation.

112. Admits the allegations contained in paragraph 112 to the extent supported by the MEPS Solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained I paragraph 112. Further avers that the terms "CUI-facilitated travel" and "CUI" are not used in the

solicitation.

113. Denies. Further avers that the term "CUI" is not used in the solicitation.

114. Denies.

115. Denies. Further avers that the term "CUI" is not used in the solicitation.

116. Denies the allegations contained in paragraph 116 for lack of knowledge or information sufficient to form a belief as to their truth. Further avers that the term "CUI" is not used in the solicitation.

117. Admits, but avers that the term "CUI" is not used in the solicitation.

118. Admits.

119. Admits.

120. Admits.

121. Admits.

122. Denies. Further avers that the term "CUI" is not used in the solicitation.

123. Denies. Further avers that the term "CUI" is not used in the solicitation.

124. Admits, but avers that the term "CUI" is not used in the solicitation.

125. Admits.

126. Admits.

127. Admits the allegations contained in paragraph 127 to the extent supported by the GAO decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 127.

128. Admits the allegations contained in paragraph 128 to the extent supported by the GAO decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 128.

129. The allegations contained in paragraph 128 are plaintiff's characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Further avers that the term "CUI" is not used in the solicitation.

130. The allegations contained in paragraph 130 are plaintiff's characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Further avers that the term "CUI" is not used in the solicitation.

131. The allegations contained in paragraph 131 are plaintiff's characterizations to which no response is required; to the extent they may be deemed

allegations of fact, they are denied.

132. The allegations contained in paragraph 132 are plaintiff's characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

133. Denies.

134. Denies. Further avers that the term "CUI" is not used in the solicitation.

135. Defendant re-alleges each of the responses in paragraphs 1 through 134 by reference.

136. The allegations contained in paragraph 136 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

137. The allegations contained in paragraph 137 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

138. The allegations contained in paragraph 138 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

139. The allegations contained in paragraph 139 are conclusions of law to which no response is

required; to the extent they may be deemed allegations of fact, they are denied.

140. The allegations contained in paragraph 140 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

141. The allegations contained in paragraph 141 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

142. The allegations contained in paragraph 142 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

143. Admits the allegations contained in paragraph 143 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 143.

144. Admits the allegations contained in paragraph 144 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 144.

145. Admits.

146. Denies.

147. The allegations contained in paragraph 147 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

148. Denies.

149. Denies.

150. Admits the allegations contained in the first sentence of paragraph 150, but avers that the proposal due dates were postponed. Denies the allegations contained in the second sentence of paragraph 150.

151. Denies.

152. Denies that plaintiff is entitled to the relief requested in its prayer for relief, or to any relief whatsoever.

153. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed, and defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Todd M. Hughes for James Kinsella
JAMES M. KINSELLA
Deputy Director

s/Lisa B. Donis
LISA B. DONIS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
ATTN: Classification Unit,
8th Floor, 1100 L Street, NW
Washington, D.C. 20015
(202) 305-7561

Attorneys for Defendant

JANUARY 24, 2005

CERTIFICATE OF FILING

I hereby certify that on JANUARY 24, 2005, a copy of foregoing "DEFENDANT'S ANSWER," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lisa B. Donis
LISA B. DONIS